Good morning, Your Honors. Frank Gilmore on behalf of the appellants, Citizens for Free Speech, LLC, and Michael Shaw. I would request to hold three minutes for purposes of rebuttal, predominantly to address the consolidated appeal related to the award of fees. May it please the Court, Counsel? Your Honors, at a minimum, the appellants ask this Court to reverse the decision of the District Court in dismissing my client's claims and remand to the District Court for further instructions in accordance with the correct application of the Younger Abstention Doctrine, but more fundamentally, to allow my clients the opportunity to develop a record to address the dismissal of my client's claims on the basis of Younger, for which they had no opportunity to provide any briefing. I will ask the Court today to go one step further, and that is to clarify the confusion between the part, between the county, the court, with respect to the correct application of the Younger Doctrine, with respect to various exceptions that have already been established by virtue of the record, albeit a scant record, and to clarify the confusion or the lack of authorities on the question of race, judicata, claim, inclusion, and the application of Rule 13a. So if it's, if Younger, assuming Younger Abstention applies here, it looks like it does, why does, I mean, tell me, explain to me why, what's lacking here for it not to apply? First, the first contention with respect to Younger Abstention is that the Reed case, Ninth Circuit 2017 case, says that if the court is to entertain a Rule 12b motion to dismiss claims, sua sponte, the court must give the parties the opportunity to provide a written brief addressing the issues associated with the court's proposed dismissal. In this case, neither party in prior briefings, indeed, neither the court addressed in any of the prior substantive issues addressed in this case, was the Younger Abstention doctrine raised. Let me ask you this. Are our reviews de novo, I believe, on Younger Abstention? That is correct, it is. Okay. And you've had a chance to fully brief the issue here? That's correct.  So why don't you tell me why Younger Abstention doesn't apply? First, the district court's record below has not established that all five of the correct Younger Abstention standards must be met. For example, there's no record below, Your Honors, that the state administrative proceeding, what we have called the abatement procedure, was ongoing at the time of the commencement of the district court litigation. What I mean by that is the authorities, Your Honors, suggest that if nothing substantive has occurred in the administrative proceeding at the time in which the substance of the Federal court action, and by that, of course, I mean the merits of the Federal court action, have already engaged, there's question as to whether or not that was ongoing. In this case, the record is clear. There is not much record with respect to the application of the five elements. But in this case, it is clear, and that is the district court has cited that the county agreed to postpone the administrative hearing that had been set in order to proceed with the preliminary injunction hearing that the plaintiffs had filed. In other words, the county consented to the district court engaging in a substantive review of the merits of this case before the administrative action was effectively answered. Well, you moved in the Federal court, I guess, for this preliminary injunction, right? That's correct. They could have continued on with the administrative proceedings. They could have. And they just agreed to hold off while you try to seek an injunction from the Federal court. That's correct. And in doing so Why does that mean that the proceedings were not ongoing? Because they had simply, here they just agreed to a stay while you That's correct. That's correct. There is authority in this circuit that suggests that if the administrative action is suspended for purposes of addressing the substantive claims that are raised in Federal court that the procedure is not ongoing. Your Honor, the purpose of this line of argument is the district court never gave the appellants the ability to raise these issues. Indeed, the district court simply said, here are the elements of younger abstention. The district court cited the incorrect elements of younger abstention for purposes of civil cases, and then said it's obvious based on everything the district court has reviewed that younger abstention applies. That's the first and primary error. And when that is couched under Rule 12b, that deprives my clients of the ability to address those issues, or, even better, Your Honors, amend their complaint potentially to address issues associated with what the Court believes is younger abstention. There's a secondary issue with respect to younger abstention that neither the county nor the Court squarely address, and that is that the Court acknowledged that the public parties and the Court overlooked the possibility of the application of younger abstention from the commencement of the case until the second motion to dismiss had been filed and decided. The authorities on younger abstention suggest that if substantive determination of the merits of the Federal claim have proceeded, then application of younger abstention doctrine is inappropriate. In fact, where, for example, in this circuit, where a preliminary injunction has been granted, the authorities are that the district court cannot apply younger abstention because the Court has already ---- I thought that matter was all resolved by the time this proceeding took place. Which matter, Your Honor? The district court granted an injunction the first time and then later vacated it after they changed the statute. No, Your Honor. I'm referring to the injunction on the instant case. So there was the 2014 case with Judge Breyer. That's not the injunction I'm referring to. What I'm referring to is the instant case, which was filed in 2018, June. Initially, upon the filing of the complaint, my client sought a preliminary injunction to enjoin the county from enforcing the abatement on the basis of res judicata in Rule 13a. Did the district court grant that? The district court denied the preliminary injunction, which was a substantive decision on the merits. In fact, that decision, the order denying, Your Honor, the order Did you consolidate a hearing on the preliminary injunction with a motion for summary judgment or a trial on the merits? No. There was no effort to do that. How can you say that the ruling on a preliminary injunction is a substantive ruling? Because it made findings that the Court believed to be findings that were appropriate due to the matters at law. All the Court was doing was ruling on the essential elements of a preliminary injunction. That's correct. They're likely to prevail on the merits, whether there was irreparable harm if an injunction was not issued. That's correct. And the other factors that apply. That's all the Court was doing. The Court made findings that were then, of course, incorporated into the county's argument on motion to dismiss with respect to the Court's assessment. The Court just took a look at it, made a preliminary assessment, said it doesn't look like you're going to prevail on the merits. I don't know. I don't recall exactly what the Court said, but I imagine having had, you know, the prior litigation and the change in the law, it probably said you're not likely to prevail. And not only that, there's no irreparable harm. At the preliminary injunction stage, the Court said that the race judicata argument and the Rule 13a argument were meritless. That is a substantive determination on the merits of plaintiff's claims. And the argument I'm making now, as it relates to Younger, if the Court makes substantive findings with respect to the merits of the case, that forecloses the Court from the ability to then add to the case. So if the Court says that, I don't think this claim has any merit, but so that the Court says that, then they can never abstain under Younger? They're stopped by their own ruling that they can't deal with Younger anymore? Is that what you're saying? What I'm saying is that the circuit authority in this case is somewhat of a continuum. And what the cases say is that if the Court, for example, grants a preliminary injunction, that forever forecloses the Court from being able to apply Younger. What the Court then says on the flip side is the denial of a temporary restraining order may or may not reach the level of a substantive determination for purposes of whether Younger could be applied after that fact. The point for today's argument, Your Honors, is that the Court vacates the earlier finding and said, well, if that's a bar, I think Younger is really the applicable way to handle this case, so I'm just going to vacate this previous thing. That is a question that has to be determined in the district court through the presentation of the authorities associated with that continuum. That's one of the primary contentions here. Is that if the district court proceeds with a case and makes substantive determinations, which ultimately led to the dismissal of my client's claims, then there is a question as to whether or not Younger abstention should have applied. And the point is, the Court never gave my clients, the appellants, the ability to squarely address that issue. All the district court said was — The very first time Younger was invoked was in the order granting the second motion to dismiss, which was seven months into the litigation. And how was — how was — how were the administrative proceedings brought to the Court's attention? Somebody must have told him that there's a — The procedural history was, once the first prior action, the 2014 action, commenced — concluded, Judge Breyer entered his judgment in favor of my clients and awarded my clients' attorneys' fees. Subsequent to that, the county reissued the notice of violation to my clients. Under the new — under the revised statute. Under the revised statute, but tellingly cited the exact same code of — provision of the Alameda Code that was litigated in the 2014 case. Isn't that — isn't that the provision that was revised? The provisions that were cited in the notice was not revised. The two provisions that were cited in the notice were, effectively, the county's prohibition for violating the zoning laws. They did not cite the section in their notice of violation that was associated with the amendment. That's — that's not accurate. What happened was the city — the county reinitiated its violation procedures against my clients. And then my clients took that and took it to the Federal Court and said, these — the county's efforts to continue its abatement efforts should be barred by doctrines of res judicata. The — the plaintiffs then filed a motion for preliminary injunction asking the Court to apply res judicata and Rule 13 to prohibit the county from proceeding. No — no conversation, no address of the younger abstention. The Court addressed the preliminary injunction squarely on the merits of res judicata and Rule 13a. Only after the county filed two motions to dismiss, neither of which addressed the younger abstention doctrine in any fashion, did the — did the Court sua sponte address the issue of younger abstention. And by that time, the claims were dismissed. Aren't you better off under — with younger abstention than you are the other way, where the whole case is dismissed? I think you would want younger abstention here, rather than just to have — lose the case. Well, we would like the Court's clarification on the circuit's authority on res judicata and Rule 13a, which — and I'll save that for rebuttal, but to answer the — Your Honor's question. This circuit's authority on the application of Rule 13a and res judicata in the offensive nature in which my clients asserted it is — is unsettled. And so at the very least, we would ask the Court to remand for purposes of addressing the five elements of younger, including exceptions. Do you want to address the attorneys' fees issue? I'll — I'll handle that in rebuttal, Your Honor. Well, I thought you were appealing the award. The — the fee award is essentially — the Court abused its discretion because, Your Honor, it applied the incorrect standard. When the plaintiff is being sought for attorneys' fees, in this — in this case, the civil rights plaintiff is being sought for attorneys' fees, the Court has to find extraordinary circumstances, and the Court has to find that the claims were utterly without merit. The Court misapplied that standard and simply said that — I thought she found that they were without merit. That was her conclusion, which I — I suggest or I contend was an abuse of discretion. Secondarily, Your Honor, with respect to the fee application — Well, let me ask you this. If the — if the Court properly abstained under younger, did it have any authority to require you to pay fees at all? I mean, how can you do both? How can you abstain and then order fees? Well, it — what — I'm not sure that — that the Court can, but what the Court did was dismissed on the basis of younger and then in the response to the fee motion said that this younger abstention was so obvious and so blatant that you couldn't have possibly thought you would get a pathway to the Federal courts in light of younger, notwithstanding the fact that — Well, if you abstain, how can you order fees in the first place? I mean, that's — that's the question I have. That, again, raises the issue of we litigated for seven months. If the Court had raised at the first instance sua sponte in response to the motion for preliminary injunction, this is a younger abstention. The case gets dismissed and there is no $100,000 in fees incurred. So, Your Honor, I think I agree with that. Had the Court properly applied younger, we wouldn't have a fee issue. But the fact that we litigated for seven months exacerbated that issue. Okay. I'll let you — I'll give you some time for rebuttal. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Matthew Zinn appearing on behalf of defendants and appellees of the County of Alameda et al. Your Honors, I want to, if I may, begin by backing out a little bit for some perspective here. This lawsuit, the second lawsuit on the same subject, involved three different claims, First Amendment claims, equal protection claims, and their — what they All of these claims have been dismissed. Plaintiffs have not appealed from the district court's determination that the equal protection and First Amendment claims were both meritless and barred by the prior litigation because they were actually litigated in the prior lawsuit. The only thing that's left here, Your Honors, is this Rule 13a claim, which they have called a due process claim. They have never cited any authority for the proposition that that has anything whatsoever to do with due process. So I just want to make clear, there is no constitutional issue left in this case today. Tell me again about the 13a claim? I'm sorry? The Rule 13 claim? Their Rule 13 argument — How is that elevated to a due process argument? I'm afraid I can't answer that question, Your Honor, because they've never explained why that has anything to do with due process. I don't know. It's not a due process claim. Rule 13 is a mandatory counterclaim, right? That's the mandatory counterclaim. The claim is that if the counterclaim is mandatory to rule against them when no counterclaim was made as a violation of procedural due process. I don't know. They've never explained whether it's supposedly procedural due process or substantive due process because they've never cited a due process case or otherwise explained why this has anything to do with due process. So the Rule 13a claim was also dismissed. I want to point out, Your Honor, that that claim, the only claim that's left in this lawsuit, is defective in a host of ways. It's not just Younger that we're talking about here at all. The claim is barred by res judicata because they could have asserted it in the last lawsuit. Judge Breyer in the first lawsuit held proceedings at the end of the lawsuit about whether he should continue an injunction against the county's abatement proceeding. That would have been the time for the plaintiffs to assert that the county could not continue with that proceeding because they had failed to raise a counterclaim. They did not raise it. The claim is barred. Do you think that the district court was right in applying Younger? I do, Your Honor. Absolutely. So if they were right, let's assume they were right in applying Younger. Younger doesn't have anything to do with the merits. Younger is basically jurisdictional, right? It says this is something that the federal courts shouldn't get into. So isn't that right? Well, I would differ a little bit with Your Honor. It is not jurisdictional. Not technically jurisdictional, but it says we're not going to hear this claim. Right. It's clearly not jurisdictional. I mean, courts have repeatedly held it's not jurisdictional. And that goes to Your Honor's question about how the district court could issue fees. The district court retained jurisdiction here, which was perfectly sufficient to justify the award of attorney's fees. And the fact is that the claim was barred in multiple ways. So it's not just the fact that they were attacking an ongoing State administrative proceeding. Let me ask you this. His argument, as I understood his argument, it was the district court went too far with this litigation before invoking Younger. And having gone as far as the court went should not have invoked Younger. What do you say to that? He says he points to the ruling on the preliminary injunction where the court said these claims are without merit.  Well, my first response to that is, Your Honor, this is the first I've ever heard of that argument. You'll search the opening brief, and I believe the reply brief, in vain for that. I have not ever heard this argument before. Also, the suggestion that the administrative proceedings perhaps were not ongoing, not raised in the briefing. So procedurally, you see no, but never been any argument that the district court waited too long for invoking Younger. No. And to address that argument on the merits, putting aside the waiver, it's meritless. The preliminary injunction proceedings made no determination on the merits. I don't have a case handy, but I'm quite sure there are cases out there saying a district court's determination of likelihood of success is not at all a decision on the merits of the claims. It's utterly a preliminary determination. And so to look at the procedure in this case, putting aside the prior case, the lawsuit was filed. The county agreed to hold its abatement process, which it had initiated, as counsel has admitted, hold it off until the preliminary injunction proceedings could be held. And now plaintiff is attempting to blame us for agreeing to stipulate to not take action against them while the preliminary injunction motion could be litigated. The motion was litigated. The Court denied it because the Court determined that they were not likely to succeed on the merits, and they had failed to show irreparable harm. We then moved to dismiss. So why was there a need for the district court to invoke Younger abstention under those circumstances? It wasn't going to enjoin it. You could have gone forward with the administrative proceeding. Well, the immediate response to the motion to dismiss, that was the point at which the Court invoked Younger. The Court did not invoke Younger in response to the preliminary injunction motion. Well, was there any need at that point? So the district court denied the preliminary injunction. Your stipulation was that you would hold off on the administrative proceedings pending the ruling on the preliminary injunction, right? Yes. Why did the district court need to invoke Younger later on, 4 or 5 months later? Well, because the action remains a collateral attack on an ongoing State administrative enforcement proceeding. I mean, it's absolutely the — there's no argument that Younger was correctly applied here. Well, you know, sometimes there is parallel litigation that takes place. Parties go too far along with the Federal court action, and the Federal court said, well, I'm not going to abstain after having litigated this case so far. Absolutely, Your Honor. If they had gotten to trial, if they had — or if we had gone through a motion for summary judgment, perhaps. I don't know the extent of the law on this because I've never had to confront this argument before because it wasn't presented in the plaintiff's briefing. Certainly, the district court did not need to abstain under Younger in the sense that the court's holding dismissing the case, as I said, is also justified by multiple arguments. If the court did — if the court did abstain, how could it dismiss? That is the proper remedy under Younger, Your Honor. Unlike — Dismiss on — how could it dismiss on the merits of this whole due process counterclaim business? The court did both here, right? Yes. Those are — those are equals — Aren't those — are those, in your view, are those consistent or not? Oh, I think they're — I think they're completely consistent because they all — How can you abstain but then decide the case? It's just another — it's just another reason why dismissal is appropriate. I guess I don't — I take your point, Your Honor, that if this was — if this were a question of justiciability — Aren't they alternative theories? And they're not — they can't both exist. No, they're — I don't think they're mutually inconsistent. If it were a justiciability question, of course, then the court would be without jurisdiction and the court could not reach the merits. There's no — as we know, there's no hypothetical jurisdiction. Well, if you abstain, the whole idea is you're not going to reach the merits. You're going to let the state court — you're going to let the ongoing state proceedings go to completion. Well, but the purpose of Younger, Your Honor, fundamentally is we're not going to accept a collateral attack on an ongoing administrative proceeding. But as Judge Edelman said, you don't dismiss it on the merits. You just abstain or you — and if you're going to dismiss it, you dismiss it without prejudice. I don't believe so, Your Honor. I believe the law is under Younger. You got a case that says that when the court invokes Younger, you dismiss on the merits? Well, I don't know if you'd call it on the merits, but it's with prejudice. Oh, that's — well, you got a case that says that? I don't have it in front of me again, Your Honor, because this has not been raised before. Are you sure there's a case that says that? I am — I am very confident that there is a case. You're very confident. Okay. I would appreciate it after argument. Do you find a case that says where the district court grants Younger abstention — Yes. — the court can dismiss — then should dismiss the case or must dismiss the case on the merits? I did not — again, Your Honor, I can't say that. But I think it is a dismissal with prejudice. With prejudice. Isn't that the same thing? That's the same thing. Well, I guess it depends on what you mean by the merits, Your Honor. Oh, you said — you said there was a case that said when the court grants Younger abstention, the court is to dismiss — Correct. — with prejudice. I believe that is correct. I want you to — I want you to find a case that says that. Okay. I believe San Remo Hotel versus the City and County of San Francisco may have — may have had that, but there were two rounds of litigation in that case. So I can't promise that that's the case. But I — again — After argument, I want you to provide the court with — Absolutely. — with a letter that says this case holds that if Younger abstention is granted, the appropriate thing for the district court to do is to dismiss with prejudice. I will — I will do that, Your Honor. And I will apologize in advance if I cannot find that case. All right. And I will indicate as much in that letter that I have not found the case. Okay. That's a pretty bold statement. Let's say your case is — let's say you can't find this case, hypothetically. We're not going to impugn your integrity here. I appreciate that, Your Honor. But if that's true, then don't — isn't this whole fees award that you get have to be vacated? Because how can they vacate — how can they — how can they award fees at the same time they abstain? Well, that would depend on there being law saying that you can't — that once you decide Younger applies, you cannot do anything else in the litigation. And I'm not aware of any — of any such law, and it doesn't really make sense with the — when you consider it in light of the fact that Younger is not jurisdictional. What Your Honor seems to be describing is a situation where there is a Article III defect in jurisdiction. In order to get fees, you have to be the prevailing party. Yes. Correct? Yes. If there's abstention, the merits of the case have not been determined. That's correct. But, Your Honor — Therefore, how can you be the prevailing party? Well, Your Honor, the United States Supreme Court in the case of CRST Van Lines, I believe — Van Expedited, Inc., versus EEOC. I'll take your word for it, Your Honor. Yes. I believe that — in that case, the Supreme Court upheld a fee award in a situation where there was a non-merits disposition of the case. They upheld a defendant's fee award, which would be exactly what we're talking about here. And I want to say, again, Your Honor, there are — there were — as the district court found, there were other fatal defects in this claim. Yeah. We have — we have a case that follows CRST, Amthastar Pharmaceuticals versus Adventis. I — I apologize that — But I don't think we have — I don't think we have case law following the Supreme Court's decision in CRST that deals with younger abstention. That may be, Your Honor. I'm not aware of any other case. We did address this issue in footnote 9 of — Yeah. Younger abstention may be different than — than the situation in CRST because, as Judge Edelman — Edelman suggested, if you're invoking younger abstention, you're just basically saying you're not doing anything. Is that correct, Your Honor? Well, I don't know. I don't know. I mean, I've never — I've never encountered a case saying that. I think what you're saying is, when you invoke younger abstention, you're saying you can't sue this agency because they have an ongoing administrative proceeding. No, no, no, no. I — I mean, the remedy is dismissal. I will find the case. Well, I think the remedy is dismissal. It's just not with prejudice. I see. Well, I — I will hopefully be able to find the case. But that's a different point than — than how a ruling on younger abstention, where there's no ruling on the merits — or, as Judge Baez said, there's no prevailing party, technically, or literally, on the merits. Well, there is a prevailing party. It's — it's simply not — and I will quote from the CRST case. And I think — I can't recall if that was — what exactly the defect was in that case. It was not on the merits. The court said, the defendant has fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. That's at page 1651, 136 — 136 SCT, page 1651. So I think — I mean, absolutely, we have prevailed in this case, I think. The fact that — the fact that it may or may not have been on the merits. What happened in CRST? What — what was the consequence of the fact that they said that, that the court said that? They upheld a fee award. Either that or they remanded for a fee award, I'm afraid. This was in a footnote in one of our briefs. And I want to point out, Your Honor, we raised this on our own in this footnote. The plaintiffs had not raised it, but we saw that this was an issue, and so we wish to bring it to the court's attention. I see that I'm out of time, Your Honor, but I'm happy to — That's correct. But it's an interesting question of whether — how the doctrine of — of abstention under Younger fits within this. I — Don't we have a case saying — addressing just this? Dismissal based on Younger abstention signifies that the court declined to exercise jurisdiction, and therefore neither party can be said to have prevailed within the 1888, and they are not entitled to attorney's fees as Elwood v. Drescher? Elwood. Your Honor, that's precisely why — we discovered this case. Plaintiff had not raised it. We addressed it in footnote 9. CRST was decided after the Elwood case. Right. So the question is whether or not — how CRST affected Elwood, whether Elwood is still good law today. Whether there's something unique about the doctrine of abstention that would allow one to conclude that Elwood is still good law even after CRST. Yes, that's a fair question, Your Honor. But again, I want to point out, this argument has never been presented by the plaintiffs. Well, you raised it in your brief. I will never do that again, Your Honor. Well, I suppose that would be letting sleeping dogs lie. However, since we did find that case — One of our law clerks would find it. Don't worry. Yes, Your Honor. If there are no further questions, Your Honor, the county will submit. Okay. Your Honors, if I may address the jurisdictional issue. First of all, it's clear from the reading of the district court's order, not just in the order dismissing the claims, but also in the fee order, that the Court believes the Younger abstention doctrine is jurisdictional. There are citations both in the record as it relates to the Court's address of the Younger abstention doctrines themselves, the elements, and with respect to res judicata, the district court says Younger prevents me jurisdictionally — I insert the word jurisdictionally, but it's inferred certainly from the language — that she cannot — the Younger abstention doctrine from even entertaining my client's substantive claims. Well, Younger is — really, if you stop and think about Younger, it's — there's Federal court jurisdiction. It's just that the Court is not going to exercise jurisdiction. That's correct. That's all Younger is. It's not your — And in the Younger, you put it on hold, and I think our case law says that you dismiss it, but you don't dismiss it with prejudice. I think that's what our case law says. What the courts — what the cases in this circuit say is Younger abstention is a prudential limitation in order to effectuate principles of comedy, which means it cannot be a dismissal with prejudice on the merits. Yet the Court dismissed it on the merits with prejudice based not only on Younger, but also on the substantive res judicata issues, and then said because of that, I'm issuing fees. Yes. Do you have a view as to whether CRST modifies Ellwood? I can't speak to that. What I — what I would say is my understanding of the circuit's authority is that if the Court elects to abstain, the Court should have abstained. The problem is the Court abstained first too late because it had already made not, as the — as counsel says, determinations on the merits. That's not what the circuit law says. The circuit law says determine substantive issues, which were certainly addressed in the preliminary injunction. And the second thing is, the county never raised the Younger abstention doctrine. But as soon as the Court mentioned it in its order dismissing the claims, the county jumped all over it and said, well, of course Younger applies. Of course it's so obvious. If it were so obvious, why did it not appear until the county had already filed four briefs on the issue? Did you make this argument in your blue brief? I don't remember it precisely. The arguments that we made, Your Honor, specifically were that the Court had not given any opportunity to the parties to develop the record with respect to the applicability of the Younger abstention doctrine or any of its elements. And in your blue brief with us. And that is exactly what we briefed in my opening brief and in my reply brief. And to counsel's point on the question of whether or not the State proceedings were ongoing, that was raised in my reply brief. And it was raised in the, I believe, the San Jose Chamber case regarding the split of authority as to how it's determined when ongoing proceedings affect Younger abstention. Okay. Thank you, counsel. Thank you, Your Honor. We appreciate your arguments this morning, both sides, and the matter is submitted. And I'll look for your letter.
judges: Paez, Bea, Adelman